UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADVANTAGE ROOFING &     CIVIL ACTION
CONSTRUCTION OF LOUISIANA, INC.

NUMBER: 09-589-JJB-DLD

VERSUS

MW BUILDERS, INC., ET AL

## ORDER

This matter is before the court on a referral from the district court of plaintiff's motion to compel. (rec.doc. 42) The motion is opposed. (rec.doc.48)

*The Motion to Compel*

Plaintiff was the roofing subcontractor for defendant contractor, MW Builders, Inc., and filed suit in state court with regard to a contract dispute between the parties, which was removed to this court based on diversity jurisdiction. Plaintiff propounded discovery upon MW Builders, to which MW Builders responded. Plaintiff asserts that MW Builders has failed to produce specific documents, and has now filed the instant motion seeking to compel MW Builders to produce: 1) a letter dated January 14, 2008 regarding the roofing subcontract, and files kept by MW Builder's employee, Leonard Greco; and 2) preconstruction meeting minutes and daily progress reports.

Plaintiff asserts that defendant "refused to produce the documents and casually stated that 'all files maintained by Leonard Greco for the Sunrise project in Baton Rouge have been incorporated in the master file for the Sunrise project.'" (rec.doc.42, pg. 4) Additionally, plaintiff alleges that MW Builders either destroyed or deliberately failed to produce these documents, and MW Builders' responses to requests for admission nos. 6-

11 "reflect defendant's indifference to its responsibility in responding to discovery." (rec.doc. 42, pg 4)

## *GOVERNING LAW & ANALYSIS*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). "The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Blackwell v. St. Charles Parish*, 2009 WL 586179, *2 (E.D.La. 2009) (*citing Herbert v. Lando*, 441 U.S. 153, 176 (1979)) Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994).

### A. The January 14, 2008 Letter/Greco's Files

Plaintiff claims that the letter at issue was prepared by plaintiff and sent to Leonard Greco at MW Builders' Salado, Texas, location on January 14, 2008, and is a revision of a November 16, 2008[1] quotation for roofing work at Metsun's property in Baton Rouge, Louisiana. (rec.doc.42-3, pg 1) Plaintiff contends that if defendant continues to fail to produce a copy of this letter, which it asserts was part of Greco's files, the court should

---

[1]Plaintiff's motion later lists this date as November 6, 2007.

impose "appropriate sanctions" for spoilation. (rec.doc. 42) In support of the contention that defendant has a copy of the letter but is failing to produce it, plaintiff cites to MW Builder's corporate deposition testimony as follows:

> Q - You say the owner of the company went to Texas and brought back all of Greco's files?
>
> A - They closed the office and transferred the files. I don't know if he physically carried them back with him. I don't know what the process was. I was not involved in closing that office.
>
> Q - So those files could be in a storage building somewhere?
>
> A - Again, I'm not privy to the process that they used to send them back.

(rec.doc. 42, pg 3)

While plaintiff's motion is bereft of details, it appears that plaintiff is suggesting that this testimony shows that the letter and/or Greco's files could exist elsewhere and were not produced. Plaintiff's reliance on this testimony is misplaced as the corporate representative testified simply that he was not privy to the process of transferring closed files, not that the files were elsewhere. This excerpt is not in conflict with defendant's response regarding Greco's files -- defendant responded that "any files maintained by Leonard Greco for the Sunrise Project in Baton Rouge have been incorporated into the master file for the Sunrise Project." *Id.* Further, defendant contends that it has "produced all of the documents in its files that are responsive" to the requests for production. (rec.doc. 48, pg 1)

Plaintiff, on the other hand, has not described with any particularity what documents he believes were omitted from Greco's files, with the exception of the letter, nor has anyone clearly stated whether or not plaintiff has had access to the master file or whether there is any means by which any Greco documents could be identified specifically within the

master file. Without more information, the court cannot find the response inadequate with regard to the Greco files in general.

Turning specifically to the "missing" letter, the court notes that the letter in question was prepared and signed by someone on plaintiff's letterhead stationery, and appears to have been sent via U.S. Mail as there is no tracking number, no facsimile transmission page, and no signed receipt for delivery. Thus, it is not possible for this court to determine whether the letter was received by Greco. Further, defendant states that it has "diligently and repeatedly searched all of its records" to no avail, and contends, both in its opposition and in a sworn affidavit, that it does not have a copy of the letter, and therefore cannot produce it. Without more information from plaintiff regarding the letter, and given defendant's sworn statement regarding its diligent search for the letter, the court determines that defendant's response is sufficient.

## B. Preconstruction Meeting Minutes and Daily Progress Reports

Plaintiff states that it requested the minutes of preconstruction meetings relating to the roofing contract and defendant's daily progress reports, and that there are "significant omissions in the defendant's responses to both of these." Plaintiff contends that these omissions are "difficult to understand as it was defendant's practice to e-mail minutes and progress reports to the home office in Kansas City." (rec.doc.42, pg 4)

Plaintiff did not attach a copy of the disputed discovery requests and responses or describe them in sufficient detail; however, defendant has provided a copy of the requests and responses for the court's review. Request for Production No. 7 requested "minutes of the monthly meetings of the architect and contractor, minutes of the preconstruction meeting . . . and weekly progress meetings." (rec.doc. 48-1, pg 23) Defendant responded

to the request, stating that the jobsite computers (1 laptop and 1 desktop) on which all of the meeting minutes were stored, were stolen in June 2008 and July 2008. Defendant produced the police reports to plaintiff, and further stated that while it did not have all the meeting minutes, it was able to recover a few sets of minutes through attachments to email correspondence, which it then produced. Defendant also stated that it did not have any minutes of preconstruction meetings in connection with the roofing work performed by plaintiff. (rec.doc.48-1, pg 24)

Next, plaintiff requested all daily reports from September 1, 2008, through April 10, 2009 (RFP No. 9, rec.doc. 48, pg 9), and defendant attached 197 pages of documents. Other than to say there are "significant omissions," plaintiff has not described with any particularity what documents he believes were omitted and why. For example, plaintiff has not described which meetings are missing minutes, or for which days the daily reports are omitted, and how he knows of these omissions. Thus, there is no way for this court to determine if there were indeed "significant omissions" and that defendant has the documents. Defendant's responses are therefore deemed sufficient.[2]

With regard to the alleged insufficiency of defendant's answers to requests for admission, plaintiff has not described how the answers are deficient. Federal Rule of Civil Procedure 36(a)(4) states that, "[I]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." While plaintiff may not like or agree with the responses, defendant clearly answered, stating specifically that it denied the requests at issue, which is all that is required of defendant

---

[2] As the court has determined that the responses to the requests for production are sufficient, there is no need for the court to address plaintiff's spoilation argument.

under Rule 36(a)(4). As defendant specifically denied the request, it then becomes plaintiff's burden at trial to prove that defendant failed to admit a matter.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to compel is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 3, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**